# IN THE COURT OF APPEALS OF IOWA

No. 16-0232
Filed December 21, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AMBER RAE RUTHERFORD,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Delaware County, Andrea J. Dryer,

Judge.

    The defendant appeals from the district court's sentencing order.

**SENTENCES VACATED IN PART AND REMANDED.**

    Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.

    Considered by Vogel, P.J., McDonald, J., and Blane, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

On May 26, 2013, Amber Rutherford left a campsite at Backbone State Park with four children in her vehicle: her three children, K.R., G.R., and A.R.; and K.R.'s friend, C.E. No one in the vehicle was wearing a seatbelt. Rutherford was driving at approximately ninety miles per hour when she failed to complete a turn and crashed into a steep ditch. The vehicle was found resting on its top. Rutherford and one of her children were ejected from the vehicle. Her two other children suffered serious injuries. C.E. died as a result of the crash.

Following the incident, Rutherford confirmed she had been drinking. Testing of Rutherford revealed the presence of methamphetamine and benzodiazepines in her system. Her blood alcohol level was .168.

On October 18, 2013, Rutherford was charged with five counts: (I) homicide by vehicle, in violation of Iowa Code section 707.6A(1) (2013); (II) child endangerment resulting in death, in violation of sections 702.5 and 726.6(1)(a), (g), and (4); and (III-V) three additional counts of child endangerment, in violation of sections 702.5, 726.1(1)(a), (g), and (5).

Rutherford agreed to enter a guilty plea to two lesser-included offenses as to counts I and II and to counts III, IV, and V as charged. Rutherford was sentenced on January 12, 2016. The court ordered the sentences on counts I and II to run concurrently. The court ordered the sentences on counts III, IV, and V to run concurrently. The court, however, ordered the combined I-II sentences and the combined III-V sentences to run consecutively. The court explained its reasoning as follows:

Counts I and II concern the same victim. They will be served concurrently. Counts III, IV, and V concern your own children. Counts III, IV, and V will be served concurrently.

The sentences for Counts I and II will be served consecutive to the sentences for Counts III, IV, and V for a total term of not to exceed twenty years in prison.

The court's sentencing order contained no additional information pertinent to its rationale for imposing concurrent or consecutive sentences. Rutherford now appeals. On appeal, she claims the district court erred by failing to provide specific reasons for ordering the sentences to run consecutively, that it considered and relied on impermissible factors when rendering her sentence, and that her counsel provided ineffective assistance by failing to object to the prosecutor's improper arguments at sentencing and by failing to ensure the court did not consider those impermissible factors.

## I.    Consecutive Sentences

The court reviews claims the district court failed to adequately state reasons for the sentence imposed for an abuse of discretion. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). An abuse of discretion occurs when the court "acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.*

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the sentencing court to "state on the record its reason for selecting the particular sentence." The district court's obligation to state reasons for the sentence includes an obligation to "give reasons for its decision to impose consecutive sentences." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (citations omitted); *State v. Estlund*, No. 15-1151, 2016 WL 1359056, at *2 (Iowa Ct. App. Apr. 6, 2016) ("The duty of the sentencing court to provide an explanation for a sentence includes the

reasons for imposing consecutive sentences."). The purpose of requiring the sentencing court to state its reasoning on the record is twofold. *See State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016). First, it "ensures defendants are well aware of the consequences of their criminal actions." *Id.* In addition, and more important, the requirement provides appellate courts with "the opportunity to review the discretion of the sentencing court." *Id.*

To satisfy Iowa Rule of Criminal Procedure 2.23(3)(d), the sentencing court must orally state the reasons for sentencing at a reported hearing or place the reasons in a written sentencing order. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). Although the explanation does not need to be detailed, the court must provide at least a cursory explanation to allow appellate review of the district court's discretionary action. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the trial court's sentencing discretion.'" (citation omitted)). In *Hill*, the Iowa Supreme Court overruled its previous decisions in *State v. Hennings*, 791 N.W.2d 828 (Iowa 2010), and *State v. Johnson*, 445 N.W.2d 337 (Iowa 1989), insofar as those decisions allowed appellate courts to infer the district court's stated reasons for its sentence also applied to the district court's decision to run the sentences consecutively as part of an "overall sentencing plan." 878 N.W.2d at 275. Rather, the supreme court stated: "Sentencing courts should explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.*

Prior to the statements in the above-cited excerpt, the district court gave several reasons for imposing a sentence. However, the record discloses no explicit reason why it distinguished between concurrent and consecutive sentences and chose to impose *this* sentence. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (noting district court "provided sufficient reasons to support its decision to impose a term of incarceration" but failed to "provide reasons for its decision to impose consecutive sentences"). "A terse and succinct statement is sufficient . . . only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *Thacker*, 862 N.W.2d at 408; *see State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (noting it was "clear from the trial court's statement exactly what motivated and prompted the sentence"). Without obvious reasons before us, we find it appropriate to remand this matter to the district court for limited resentencing to determine whether the sentences should run consecutively or concurrently and provide reasons for its decision. *See State v. Jason*, 779 N.W.2d 66, 77 (Iowa Ct. App. 2009).

## II.     Impermissible Factors

Rutherford next argues the district court considered and relied on impermissible factors when rendering her sentence. Our review of sentencing claims is generally for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[T]he decision of the court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* at 724–25.

During sentencing, a court may not consider facts, allegations, or offenses that are not established by the evidence or admitted by the defendant. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). To do otherwise may amount to improper sentencing. *See State v. Black*, 324 N.W.2d 313, 315–17 (Iowa 1982). To merit reversal, the defendant must establish not just that the court was "merely aware" of the improper sentencing factors but that the court "relied" on them in imposing sentence. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). As the reviewing court, we may not "speculate about the weight a sentencing court assigned to an improper consideration." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998).

Rutherford specifically asserts the district court relied upon two impermissible factors: statements made by the prosecutor that (1) Rutherford was under the influence of methamphetamine at the time of the incident, and (2) Rutherford's sentences should be imposed consecutively due to the current parole practices of the department of corrections. There is no showing, however, the sentencing court relied on either of these statements in making its decision. The court cited several factors, including Rutherford's mental illness, Rutherford's guilt and remorse, the gravity of the charges, the nature and circumstances of the offenses, and general deterrence. These are permissible factors to consider. *See, e.g.*, *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014) ("Punishment is justified under one or more of three principal rationales: rehabilitation, deterrence, and retribution."); *State v. Knight*, 701 N.W.2d 83, 86–88 (Iowa 2005) (discussing remorse as a sentencing factor); *State v. August*, 589 N.W.2d 740, 744–45 (Iowa 1999) (considering defendant's mental health in sentencing); *State v. Wright*, 340

N.W.2d 590, 594 (Iowa 1983) ("Part of the court's sentencing responsibility was to determine whether its sentence would deter defendant from future offenses."); *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967) (stating district court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform"). At no point does the court indicate a reliance on Rutherford's methamphetamine use or the parole practices of the department of corrections. This claim fails.

### III.     Ineffective Assistance

Finally, Rutherford argues her trial counsel provided ineffective assistance by failing to object to the prosecutor's improper arguments at sentencing and failing to ensure the court did not consider the impermissible factors. Because claims of ineffective assistance of counsel have their grounding in the Sixth Amendment, our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To prevail on this claim, Rutherford must show counsel failed to perform an essential duty and prejudice resulted. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

Because we find the district court did not rely on the impermissible factors, we find Rutherford did not suffer prejudice as a result of any failure on counsel's part. Nor was counsel obligated to object in the absence of any indication from the court that it was relying on those factors in imposing sentence. This claim fails.

**IV.    Conclusion**

Because the district court did not sufficiently explain its reasoning in imposing the sentence it did, we remand for limited resentencing on the issue of whether Rutherford's sentences should run concurrently or consecutively.   Rutherford's request we remand to a different judge for sentencing is denied because that request had its basis in Rutherford's second and third claims, which fail.

**SENTENCES VACATED IN PART AND REMANDED.**