# IN THE COURT OF APPEALS OF IOWA

No. 16-1280
Filed July 6, 2017

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**JOSEPH ALLEN KIMBROUGH JR.,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

          Defendant appeals his conviction and sentence for domestic abuse assault by strangulation causing bodily injury, pursuant to Iowa Code section 708.2A(5) (2016).  **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, Kevin R. Cmelik, Assistant Attorney General, and Richard J. Bennett Sr. (until withdrawal), Special Counsel, for appellee.

          Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Joseph A. Kimbrough appeals his conviction and sentence for domestic abuse assault by strangulation causing bodily injury, pursuant to Iowa Code section 708.2A(5) (2016). He claims the district court considered improper factors, including the danger Kimbrough poses to his children and a juvenile conviction. Because the record does not support Kimbrough's claims, we affirm.

**I. Background Facts and Proceedings.**

On January 21, 2016, Joseph A. Kimbrough was charged by trial information with the crime of domestic abuse assault, a class "D" felony. The charge was based on Kimbrough's assault of his wife, Stephanie Kimbrough.

At trial, Stephanie testified about the attack. She was with Kimbrough at his mother's house when a discussion "escalated" and "tempers flared." She stated Kimbrough became unstable, hit her multiple times, and put his hands around her neck making it difficult to breath. She said she was afraid for her life.

Dr. Paula DeJesus, treating emergency-room physician, testified about her treatment of Stephanie. She stated, "As soon as you walk in the room, it's quite evident that she has multiple contusions about her face. Her eyes are markedly swollen to the point that she cannot open them by herself. She has abrasions about her face, on her hands. She is very badly injured." She also opined that Stephanie "had a very severe strangulation" based on the linear bruising, swelling, and tissue damage around the neck, which typically affects the blood flow and breathing of the victim.

The State introduced photographs of the injuries depicting Stephanie's eyes swollen shut, a large bruise on her neck, a broken nose, and various cuts

and bruises on her body. Another photograph showed blood at the scene of the attack. After trial, a jury convicted Kimbrough of domestic abuse assault by strangulation causing bodily injury.

During the sentencing proceedings, Kimbrough and the State were given opportunities to correct the presentence investigation report. Both parties accepted the findings of the report, and the court made the following statement:

> Well, Mr. Kimbrough, the court has considered all the sentencing provisions provided for in the Iowa Code. The following sentence is based upon my judgment of what will provide the maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others. Specifically, I've considered the following factors. I consider the entire Presentence Investigation Report because you do not challenge any portion thereof. I consider your age of 40. You are not a youthful offender. I consider your prior record of convictions which, as an adult, includes a conviction for Willful Injury in 1993; a conviction for Assault Causing Bodily Injury in 2004; a conviction for an offense concerning controlled substances.
> . . . .
> But here is what I am pointing out on the record in your presence. You do have a history of violence. It stems back to 1993. And you also have a record of—or a conviction of some controlled substance violation. I take into consideration your current employment status. You are employed full time, and you do have a GED and an Associate of Arts degree. You do have family in the area. I note also, again, the drug usage in your past.
> . . . .
> I take into account the nature of the offense committed. For whatever reason, your wife has indicated that it's not all your fault. I don't buy it. She did not request that you beat her as you did. She did not request that you choke her as you did. You did a violent act towards your wife, and the pictures and her testimony at the time of trial showed clearly your violent nature against her. That is not excused. You are a danger, Mr. Kimbrough, to your own family.
> I take into consideration the statements made by the State and by your attorney and by you here today.

The court then sentenced Kimbrough to a period of incarceration not to exceed five years. Kimbrough appealed.

**II. Standard of Review.**

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

We review the district court's sentence for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Where, as here, the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *see* Iowa Code § 902.9(e) ("A class 'D' felon . . . shall be confined for no more than five years.").

**III. Discussion.**

**a. Sufficiency of the Evidence.**

Kimbrough argues the evidence was insufficient to support his conviction because it does not support the strangulation element of the charged crime. *See* Iowa Code § 708.2A(5) (defining the strangulation element as "knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person").

"In making determinations on the sufficiency of the evidence, 'we . . . view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence.'" *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) (quoting *State v. Jones*, 281 N.W.2d 13, 18 (Iowa 1979)). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *Id.* (citation omitted). "Evidence is substantial if it would convince a rational trier of

fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). Furthermore, "[t]he jury is free to believe or disbelieve any testimony as it chooses." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

Stephanie stated that her breathing did not stop and she did not lose consciousness during the attack; she also testified she had trouble breathing and her breathing was affected when Kimbrough put his hands around her neck. While Stephanie's testimony was not precise on the issue, Dr. DeJesus testified that the injuries were consistent with strangulation, which would affect Stephanie's normal breathing. The State also introduced photographs depicting a bruised area extending from the bottom of her throat up to and around her chin. The statute does not require the State to prove Stephanie's breathing stopped or Stephanie lost consciousness. Rather, it requires the State to prove Kimbrough "impeded [Stephanie's] normal breathing" by applying pressure to the throat or neck. *See* Iowa Code § 708.2A(5). A rational jury could conclude the pictures show pressure was applied to the neck in a manner that impeded Stephanie's breathing, and the jury was also free to believe Stephanie's and Dr. DeJesus's testimony that her breathing was impeded. *Thornton*, 498 N.W.2d at 673. Substantial evidence exists in the record to support Kimbrough's conviction.

**b. Sentencing.**

Kimbrough claims the sentencing court abused its discretion by relying on an unsubstantiated allegation that Kimbrough was a danger to his children. Kimbrough also claims the court improperly considering Kimbrough's juvenile record.

The sentencing court is required to consider a number of factors when imposing a sentence, including "the nature of the offense, the attending circumstances, defendant's age, character and propensities for reform." *State v. August*, 589 N.W.2d 740, 745 (Iowa 1999). However, the court is not required to expressly consider each factor on the record. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered . . . . Even a succinct and terse statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's discretion."). Furthermore, "[a] court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). It is up to the individual sentencing judge "to balance the relevant factors in determining an appropriate sentence." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

Kimbrough first argues the sentencing court considered unproven facts in its sentencing determination. He points to the statement, "You are a danger, Mr. Kimbrough, to your own family," as an implication the court considered danger to his children as a sentencing factor, which was not supported by the record. Kimbrough cites *State v. Black* in support of his argument. 324 N.W.2d 313 (Iowa 1982). In *Black*, however, the Iowa Supreme Court remanded the case for resentencing because the trial court explicitly considered the facts arising out of a dismissed burglary charge. *Id.* at 315–16 (holding the sentencing court abused its discretion by stating in its colloquy, "[Y]ou [the defendant] need something to

remind you that you do not enter people's houses without their permission"). Here, on the other hand, the sentencing reasons described the violent nature of the *charged crime* against Kimbrough's wife based on the details in the record. The sentencing court also considered the presentence investigation report, Kimbrough's age, his adult convictions, the violent nature of the crime, employment, education, statements made during the proceedings, and his substance-abuse issues. The court did not refer to Kimbrough's children—other than a reference to his "family,"—or any other facts unsupported by the record.

Kimbrough also claims the sentencing court improperly considered his juvenile record in determining his sentence. Kimbrough, however, does not suggest what juvenile incident the court considered during sentencing. In fact, the only reference to a juvenile record on the presentence investigation report was two underage smoking charges, which the court did not discuss during sentencing. During the sentencing proceedings, the court only discussed the violent nature of Kimbrough's adult convictions. The court stated, "I consider your prior record of convictions which, as an adult, includes a conviction for Willful Injury in 1993; a conviction for Assault Causing Bodily Injury in 2004; a conviction for an offense concerning controlled substances." The record does not support Kimbrough's claim that the sentencing court improperly considered his juvenile record. Accordingly, the sentencing court did not abuse its discretion.

**IV. Conclusion.**

Substantial evidence exists in the record to support Kimbrough's conviction of domestic abuse assault by strangulation causing bodily injury. A

reasonable jury could find the testimony and photographic evidence proves Kimbrough "[k]nowingly imped[ed] the normal breathing or circulation of the blood of [Stephanie] by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person."  *See* Iowa Code § 708.2A(5).  Additionally, the sentencing court did not abuse its discretion.  The record supported the reasons stated by the sentencing court, and there is no indication the sentencing court improperly considered Kimbrough's juvenile record in making its determination.

**AFFIRMED.**