STATE of Iowa, Appellee,

v.

Donald Eugene BLACK, Appellant.

No. 66406.

Supreme Court of Iowa.

Sept. 29, 1982.

Harlan H. Giese, Jr., Davenport, for appellant.

Thomas J. Miller, Atty. Gen., M. J. Blink, Asst. Atty. Gen., William Davis, Scott County Atty., and James Hoffman, Asst. Scott County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

Donald Eugene Black pleaded guilty to a charge of indecent exposure in violation of section 709.9, The Code, a serious misdemeanor, and was sentenced to the maximum term of incarceration. Black now contends that the district court erred in determining his sentence by giving con-

sideration to a burglary charge that had been dismissed pursuant to a plea bargain. We find that the district court may have improperly based Black's sentence on allegations arising from the unprosecuted burglary charge that were neither admitted by the defendant nor proved independently. We therefore remand the case to the district court for resentencing.

Black was charged under a two-count information alleging that he was guilty of indecent exposure in violation of section 709.9, The Code, and burglary in the second degree in violation of sections 713.1 and 713.3, The Code. In the minutes of testimony attached to the information it was stated that the victim would testify she awoke to find the defendant in her home. He exposed his genitals and asked her to masturbate him. She refused. The victim let Black spend the night in her home, but the next day she drove him to a local restaurant, returned home, and called the police. The police later found evidence that entry to her home had been gained through a locked screen.

Black only partially admitted the State's version. In the presentence report and in his statement before the sentencing judge, Black denied the burglary and claimed that he had gone to the victim's home because he knew her. Black indicated that after he knocked on the door she voluntarily let him inside and allowed him to spend the night. At the plea proceeding he admitted asking the woman "for sex" while he was naked. He also admitted using drugs at the time and being confused over what had happened.

At the sentencing the following colloquy occurred between the sentencing court and the defendant:

Mr. Black, I have had the opportunity to review the presentence investigation and the additional information supplied by Court Services in this regard. It is apparent to me that Court Services does not want you on probation, nor do they feel that the Residential Corrections Facility is an appropriate disposition, not so much from the standpoint of your needs

as the inability of the Residential Corrections Facility to provide for you the necessary services. The fact that you pled guilty to the charge of Indecent Exposure cannot and does not belie the fact that the State in return for that plea dismissed a Burglary charge, from which the facts indicate that you entered the private residence of an individual who was a total stranger and, in effect, held that person at bay all night long. The Court cannot and will not ignore the factual basis which gives rise to this charge.

Under the circumstances, the Court believes that incarceration is necessary, in light of the very favorable plea agreement which was executed in this matter.

Is there any reason why we should not proceed with sentencing?

MR. GIESE: No, Your Honor.

THE COURT: Mr. Black?

THE DEFENDANT: I wasn't guilty of that burglary to begin with.

THE COURT: You didn't plead guilty to the burglary.

THE DEFENDANT: I know. I know that's what I was charged with, then I was charged with Indecent Exposure. The reason I accepted the plea bargain is because I figured if I didn't do that—I figured I'm guilty enough to be—I mean for Indecent Exposure, I'm guilty enough to be charged with that, but the Burglary, I don't see how I could be—

THE COURT: I said that the factual basis for the charge, the facts that give rise to the charge in this case, are something that I cannot and will not ignore.

THE DEFENDANT: In other words—

THE COURT: You may have pled guilty to an Indecent Exposure, and that's a very favorable plea bargain as far as you are concerned in light of the charge that's being dismissed, but what I am saying to you is that the circumstances out of which this offense arises are of such a severity that you need something to remind you that you do not enter people's houses without their permission.

Black argues that the record of the sentencing hearing demonstrates that the court considered the burglary allegations. He also contends that this consideration was improper because the burglary allegation was not substantiated by the evidence nor supported by an admission of guilt. The State maintains, however, that the sentencing court considered the burglary only as a part of the circumstances involved in the charge of indecent exposure to which Black pleaded guilty. The State also argues that even if the sentencing court did consider the burglary charge there was a factual basis to do so.

■ We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved. As we recently stated in *State v. Messer,* 306 N.W.2d 731 (Iowa 1981):

> Although imposition of sentences is within trial court's discretionary power and will be set aside only for an abuse of discretion, *see State v. Gibb,* 303 N.W.2d 673, 687 (Iowa 1981), that discretion is not unlimited. In *State v. Thompson,* 275 N.W.2d 370 (Iowa 1979), the defendant originally was charged with second-degree burglary, but in accordance with a plea bargain the charge was reduced to third-degree theft. In imposing a sentence of imprisonment, trial court considered the fact a higher crime originally had been charged. *Id.* at 371. Remanding the case for resentencing, we stated:
>
> > A sentencing court *may not* . . . impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime *unless* the facts before the court show the accused committed the higher crime or the defendant admits it—even if the prosecutor originally charged the higher crime and reduced the charge . . . . [T]he accused does not admit the higher charge by pleading guilty to the lower charge.
>
> *Id.* at 372.

We are confronted with a similar situation here. Although trial court did not

**316**

rely on "higher" charges in imposing sentence, he relied on additional, unproven, and unprosecuted charges. No facts before the court showed those charges were valid, and defendant did not admit the additional charges by pleading guilty to this charge. Nor did trial court make any finding whether facts existed to substantiate the charges. *See State v. McKeever,* 276 N.W.2d 385, 389 (Iowa 1979).

*Id.* at 732–33.

■■■ Minutes of testimony attached to the information do not necessarily provide facts that may be relied upon and considered by a sentencing court. We have approved using the minutes to establish a factual basis for the charge to which the defendant pleads guilty. *State v. Fluhr,* 287 N.W.2d 857, 868 (Iowa 1980). However, where portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the sentencing court to consider and rely on these portions. No evidence is before the court that shows the alleged facts contained in these portions of the minutes are valid. *See Messer,* 306 N.W.2d at 733. The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true.

■■ We find from the record made at the sentencing hearing that the district court based its sentence of Black in part on the unprosecuted burglary charge. The court's reliance on the charge was improper because the facts before the court do not show that Black committed the burglary and he certainly does not admit committing it. *See Messer,* 306 N.W.2d at 733. We find that the sentencing court considered the alleged illegal entry into the victim's home although the entry had not been proved nor, since illegal entry is not an element of the crime of indecent exposure, had it been admitted to in Black's guilty plea. Consequently, the trial court erred by relying in part upon the unprosecuted burglary charge.

The State argues that the trial court considered the burglary not because it was an unprosecuted offense, but because it was part of the attending circumstances of the crime to which the defendant pleaded guilty. The State points out that at the hearing on the defendant's motion in arrest of judgment the judge further clarified his sentencing rationale:

THE COURT: Mr. Giese, whether the Court made itself clear at the time of sentencing or not, the Court did not sentence Mr. Black to serve a year in the County Jail on the basis that he was charged with the Burglary that was dismissed. The Court sentenced him to serve that year in the County Jail based on a complete and thorough review of the presentence investigation and his prior criminal history, which included, as the Court recalls, a lot of minor involvements, although no major involvements, plus the factual circumstances around which this offense occurred.

■ Even if the district court did not consider the dismissal of the burglary charge, the preceding statement indicates that he considered "the factual circumstances around which this offense occurred." The circumstances considered at the sentencing hearing related to the alleged illegal entry into the victim's home. We have stated that such consideration is improper. If there were additional factual circumstances considered, the district court has left us to speculate what these could be. As in *Messer,* we cannot speculate about the weight the sentencing court gave to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence. *Messer,* 306 N.W.2d at 733.

We remand the case to the district court for resentencing. The district court shall not consider the dismissed charge nor the facts arising from it unless these are admitted to by the defendant or independently proved. However, we do not suggest what the sentence should be. *See State v. Gibb,* 303 N.W.2d 673, 688 (Iowa 1981); *Messer,* 306 N.W.2d at 733.

REVERSED IN PART AND REMAND-
ED FOR RESENTENCING.