# IN THE COURT OF APPEALS OF IOWA

No. 14-0389
Filed October 15, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ORLANDO EUGENE THOMPSON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.


　　　　Orlando Thompson appeals following his guilty plea, claiming the district court considered unproved conduct when imposing sentence. **AFFIRMED.**



　　　　Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine and Melisa Zaehringer, Assistant County Attorneys, for appellee.



　　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Orlando Thompson pleaded guilty to possession of marijuana with the intent to deliver as a habitual offender, in violation of Iowa Code sections 124.401(1)(d), 902.8, and 902.9(3) (2013). He was sentenced to a term of incarceration not to exceed fifteen years. On appeal, he challenges his sentence, claiming the district court considered unproved conduct when imposing sentence.

The district court's sentence is cloaked with a strong presumption in its favor, and we will not reverse its sentence absent an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We afford the strong presumption of regularity to the sentencing court due to the great confidence we place in our judges to exercise their discretion appropriately. *See State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). To establish an abuse of discretion, the defendant must show the court exercised its discretion "on grounds or for reasons that were clearly untenable or unreasonable." *Formaro*, 638 N.W.2d at 724. Where the defendant alleges the sentencing court took into consideration an impermissible sentencing factor, such as unproved conduct or unprosecuted offenses, the presumption of regularity afforded the sentencing court can be overcome where there is "clear evidence" the sentencing court actually relied on the impermissible factor in exercising its broad sentencing discretion. *See Formaro*, 638 N.W.2d at 724; *Sailer*, 587 N.W.2d at 764. We will neither assume nor infer a judge relied on an impermissible factor without clear evidence in the

record to the contrary.  *See Formaro*, 638 N.W.2d at 724; *see also Sailer*, 587 N.W.2d at 764.

There is not "clear evidence" the district court relied on an impermissible sentencing factor.  At the time of sentencing, Thompson's counsel and the district court both referred to Thompson's prior federal drug conviction for possession of crack cocaine.  The district court characterized the quantity involved in that case as "significant" based on the ninety-month sentence imposed.  Thompson claims the district court abused its discretion in characterizing the amount of drugs as "significant" because the record did not establish the exact quantity of drugs supporting his federal conviction.  While Thompson may disagree with the district court's characterization of the quantity involved in the prior matter, the district court's statement is not evidence it considered an improper sentencing factor— Thompson was, in fact, convicted of the offense.  Nowhere in the colloquy is there a reference to "additional, unproven, and unprosecuted charges."  *See Formaro*, 638 N.W.2d at 725; *see also State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982) (stating "[w]e will set aside a sentence and remand a case . . . if the sentencing court relied upon charges of an unprosecuted offense" (emphasis added)).  Thompson's challenge to his sentence thus fails.

**AFFIRMED.**