# IN THE COURT OF APPEALS OF IOWA

No. 16-1385
Filed May 3, 2017

**JAMES TYRONE WOODS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Dylan J. Thomas of Dylan J. Thomas, Attorney at Law, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Following guilty pleas, James Woods was convicted of one count of second-degree burglary and one count of second-degree harassment. Woods received suspended sentences for his convictions, was placed on probation for five years, and ordered to reside at a residential facility. Woods did not file a direct appeal from his convictions but filed an application for postconviction relief (PCR) in March 2016.[1] Following an evidentiary hearing, the PCR court denied Woods's application, and he appeals. He contends the PCR court erred in denying his claim that his trial attorney was ineffective for allowing him to plead guilty to the burglary count where support for the intent element of assault was lacking. He also contends the PCR court erred in determining he failed to prove his attorney was ineffective for failing to investigate his case. Finally, he contends the PCR court erred in using the minutes of testimony improperly. To the extent any of these claims were not preserved for review, he alternatively claims his PCR counsel was ineffective. For the reasons articulated herein, we affirm.

**I.  Trial Counsel's Ineffectiveness.**

In order to prove a claim of ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) counsel's failure resulted in prejudice. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Both elements must be established or the claim fails. *Id.* We assess counsel's performance "objectively by determining

---

[1] The court noted Woods was in custody at the time of the postconviction trial "due to an alleged violation of probation."

whether [it] was reasonable, under prevailing professional norms, considering all the circumstances." *Id.* (alteration in original) (citation omitted). To prove prejudice, the applicant must prove "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations omitted). Our review of an ineffective-assistance claim is de novo. *Id.*

**A. Factual Basis to Establish Intent.** At the PCR proceeding, Woods claimed his guilty plea lacked a factual basis to support the intent element of the burglary conviction and trial counsel was ineffective in not filing a motion in arrest of judgment to challenge that deficiency. The PCR court rejected this assertion noting the minutes of testimony, which Woods agreed the court could use to establish the factual basis at the guilty plea hearing, contained ample factual basis to support the intent element. We agree. As the PCR court noted, the minutes state Woods forced his way into a hotel room, believing its occupants had stolen his cell phone. He pushed one occupant, "patted down" another occupant, referenced his possession of a gun, and threatened to kill the occupants if they did not return the cell phone. In addition, in the written guilty plea that was filed in Woods's criminal action, Woods admitted to having "the intent to commit a felony, assault, or theft" when he entered the occupied structure without permission.

Woods faults the PCR court for not finding his description of the events of the night in question more credible, but the court does not assess the credibility of the evidence when conducting an objective inquiry into whether a guilty plea is supported by a factual basis in the record. *See State v. Finney*, 834 N.W.2d 46,

55 (Iowa 2013) ("The determination of whether there is a factual basis in the record to support the charge to which the defendant seeks to plead guilty is an objective inquiry that has nothing to do with the state of mind of the accused, but everything to do with the state of the record evidence."). Woods's citation to authority that *sentencing* courts cannot consider minutes of testimony beyond that which establishes a factual basis for the guilty plea has no bearing on this inquiry because the PCR court was not sentencing Woods. Instead, it was making an objective determination as to whether the record provided the factual basis to support the guilty plea.

Woods also claims that his guilty plea was not "knowingly and voluntarily" entered because he did not understand intent was an element of the crime of second-degree burglary or that his intoxication could have been a defense. The PCR court did not address a challenge to the voluntary and intelligent nature of the guilty plea; therefore, this issue is not preserved for our review. Instead, we will address the issue through Woods's claim of PCR counsel's ineffectiveness later in this opinion.

However, the PCR court did address a claim that trial counsel was ineffective in not pursuing an intoxication defense to the intent element. The PCR court found the evidence did not support the defense. The PCR court noted the police reports indicated Woods discussed his concerns regarding his missing cell phone with the officers at the scene and volunteered he had a BB gun in his waistband. As the PCR court noted, "[I]n order for the intoxication defense to be valid, the intoxication must be to the extent that the individual is no longer aware of the nature or circumstances of his actions. That is not the case here." We

agree with the PCR court's conclusion that while "alcohol consumption may have influenced his actions," it did not "rise to a level where alcohol use or intoxication was a legal excuse for his actions." Therefore, trial counsel was not ineffective in deciding not to pursue an intoxication defense.

**B. Failure to Investigate.** Next, Woods claims the PCR court was wrong to reject his claim that his trial counsel was ineffective for failing to investigate his case. He notes his trial attorney admitted at the PCR hearing that Woods asked for the attorney to speak with certain witnesses. In addition, Woods claims the attorney should have investigated the victims to determine whether they had in fact stolen his cell phone. He claims that if further investigation had been done, it may have resulted in a better plea agreement.

Trial counsel testified that she contacted Woods within three weeks of the incident to let him know an investigator would be interviewing him and would be contacting witnesses. Counsel also informed Woods she had filed a notice of depositions and would be scheduling those depositions. The same day that information was provided to Woods, the State communicated a plea offer and the offer was conditioned upon Woods's acceptance prior to the scheduled depositions. The agreement was advantageous to Woods in reducing a class "B" felony to a "C" felony, dismissing the class "D" count entirely, and reducing an aggravating misdemeanor to a serious misdemeanor. In addition, the agreement provided the State would recommend the sentences for the convictions to be suspended and recommend Woods be placed on probation. Trial counsel conveyed the plea offer to Woods, and Woods decided to accept the plea offer, by initialing and signing the offer within four days. Trial counsel testified that after

Woods decided to accept the plea offer, no depositions or further investigation was necessary. We agree with the PCR court's decision that counsel was not ineffective in discontinuing the investigation of the case after Woods accepted the plea agreement.

## II. PCR Counsel's Ineffectiveness.

Woods claims that PCR counsel was ineffective to the extent the issues raised on appeal were not preserved for our appellate review—the claim that his guilty plea was not intelligent and voluntary noted above. He also claims PCR counsel was ineffective for not calling the witnesses that Woods claims trial counsel should have investigated prior to the guilty plea to prove his claim trial counsel was ineffective.

Once counsel is appointed to represent him, Woods is entitled to the effective assistance of postconviction counsel. *See Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994). To establish his claim, Woods must show PCR counsel breached an essential duty and that he suffered prejudice as a result. *See id.* at 15. Because Woods has failed to establish either element, we reject his claims that PCR counsel provided ineffective assistance.

As noted above, trial counsel explained at length during her PCR court testimony why further investigation to locate and interview the unnamed witnesses was not conducted after Woods decided to accept the State's plea offer. During Woods's own testimony during the PCR trial, he failed to identify the witnesses or indicate what information they may have been able to offer. Whatever information they could have offered about the events of the night in question and the location of Woods's cell phone would not have provided a valid

defense to the burglary and harassment charges. Even assuming the victims had stolen Woods's cell phone, the citizen's arrest statute does not permit breaking and entering or the use of threats of violence. *See* Iowa Code § 804.10 (2016) (authorizing a private citizen to use reasonable force to make a lawful arrest); *see also id.* § 804.15 (authorizing only law enforcement officers to enter a private premise to make a lawful arrest). Because Woods cannot show PCR counsel breached an essential duty by failing to call the unnamed witnesses to testify at the PCR proceeding, we reject his ineffectiveness-of-PCR-counsel claim.

We likewise reject Woods's claim that PCR counsel was ineffective in not presenting a challenge to the voluntary and intelligent nature of his guilty plea. Woods claims he did not understand the intent requirement for the burglary charge or the possibility of a diminished capacity defense based on his intoxication. *Finney*, 834 N.W.2d at 55 (noting a challenge to the knowing and intelligent nature of a guilty plea focuses on the defendant's "subjective state of mind"). Trial counsel testified at the PCR hearing that she reviews guilty pleas with her clients in great detail, including preparing a written guilty plea form, reviewing each paragraph with the clients, allowing them to ask questions, and having the client initial each paragraph. This procedure was done in Woods's case, and the written guilty plea form Woods signed identified intent as a required element of the burglary charge. The form stated:

> The elements of Burglary in the Second Degree are on or about August 11, 2015, in Cerro Gordo County, IA, I, entered Room 127 at the American Best Value Inn which was an occupied structure in which two persons were present with no right, license or privilege to enter and I had the intent to commit an act, without justification,

which was intended to be insulting or offensive to [the victims] and I had the apparent ability to execute the act.

Woods initialed this paragraph. Later in the form, Woods provided the factual basis to support the guilty plea by acknowledging with his initials:

I admit on or about August 11, 2015, in Cerro Gordo County, IA, I, had the intent to commit a felony, assault or theft and having no right license or privilege to do so, entered an occupied structure, in which one or more persons were present, and which was not open to the public or remained therein after it was closed to the public or after my right, license or privilege to be there had expired OR having such intent broke an occupied structure.

Because the record is clear that trial counsel advised Woods of the intent element of the burglary charge, any claim that his plea was not intelligent and voluntary based on the lack of knowledge of the intent element is meritless, and PCR counsel cannot be found ineffective for failing to pursue a meritless issue. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

## III. PCR Court's Use of Minutes of Testimony.

Finally, Woods claims the PCR court improperly used the minutes of testimony to make factual findings that went beyond those necessary to establish a factual basis for the crimes to which he was pleading guilty. He again cites case law that establishes a court, when determining which *sentence* to impose, may not consider facts contained in the minutes of testimony that are not necessary to establish the factual basis for the crime. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982) ("[W]here portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the

sentencing court to consider and rely on these portions. . . . The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true.").

Woods cites no support for his contention that a PCR court is similarly restricted and may not consider the facts alleged in the minutes of testimony when addressing an applicant's challenge to the factual basis to support the guilty plea. During the guilty plea, Woods consented to the court's consideration of the minutes of testimony to establish a factual basis for his guilty plea. At PCR, he challenged the factual basis, and in addressing that challenge, the court may examine the entire record to determine whether there is an objective factual basis. *Finney*, 834 N.W.2d at 62. The evidence does not need to prove the crime was committed beyond a reasonable doubt; it is only required to find that there is a factual basis to support the charge. *Id.* We find no error in the PCR court's use of the minutes of testimony.

Because the district court correctly denied Woods's claims of ineffective assistance of trial counsel, Woods cannot prove his PCR counsel was ineffective, and we find no error in the PCR court's use of the minutes of testimony, we affirm the district court's denial of Woods's PCR application.

**AFFIRMED.**