# IN THE COURT OF APPEALS OF IOWA

No. 16-1646
Filed July 6, 2017

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ALEXANDER CUTSHALL,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Butler County, DeDra L. Schroeder, Judge.

Alexander Cutshall appeals the sentences entered upon his guilty pleas to the charges of lascivious acts with a child and assault with intent to commit sexual abuse. **SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Alexander Cutshall pled guilty to lascivious acts with a child and assault with intent to commit sexual abuse. *See* Iowa Code §§ 709.8(1)(d), (2)(b), 709.11 (2015); *see also id.* § 708.1. The district court sentenced Cutshall to prison and jail but suspended the prison sentence and most of the jail sentence and placed him on probation. As a condition of probation, the court stated Cutshall could "[n]ot have a phone or any device with internet capability."

On appeal, Cutshall (1) challenges the condition of probation prohibiting access to the internet, (2) contends the district court improperly considered unproven facts and offenses in pronouncing sentence, and (3) argues the district court should have considered his status as a juvenile offender in imposing sentence.

## I.    *Condition of Probation*

A condition of probation is only "reasonable when it relates to the defendant's circumstances in a reasonable manner . . . and is justified by the defendant's circumstances." *State v. Valin*, 724 N.W.2d 440, 446 (Iowa 2006). Cutshall argues the prohibition of access to the internet is unreasonable because the minutes of testimony "do not indicate that [he] used the internet to find his victims." The State agrees "[t]he sentencing order prohibiting Cutshall from accessing the internet or possessing any device with internet capability is unreasonably restrictive given his offense." We vacate this portion of the sentence and remand to have the district court strike this condition of probation.[1]

---

[1] Of note is a recent United States Supreme Court decision which struck down a state law that made it a felony for a registered sex offender to gain access to certain internet

## II. *Unproven Facts and Offenses*

The State originally charged Cutshall with one count of second-degree sexual abuse occurring January 1, 2008 through December 31, 2012 and one count of third-degree sexual abuse occurring January 1, 2012 through December 31, 2013. Cutshall pled guilty to lesser charges, which incorporated the same time frames. At sentencing, the district court stated:

> [M]y thought is that based on the nature of the offenses, based on the time frame we're talking about, and there being two separate and distinct victims, which happened over a period of time, that this isn't a case for a suspended sentence, but I'm going to give you that opportunity to prove me wrong.

Cutshall argues "the district court believed [his] crimes occurred over a period of time and during a separate period of time" notwithstanding the absence of an admission by him "that he assaulted the victims multiple times over a period of time or that the offenses occurred in different periods of time." "We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982).

As noted, the charges to which Cutshall pled guilty incorporated the identical time frames as the original charges. Additionally, a presentence investigation report and psychosexual report considered by the court without objection made reference to these time periods. *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) ("In determining a defendant's sentence, a district

---

materials as unconstitutional under the First Amendment. *See Packingham v. North Carolina*, ___ S. Ct. ___, ___, 2017 WL 2621313, at *3, *6-8 (U.S. June 19, 2017).

court is free to consider portions of a presentence investigation report that are not challenged by the defendant."); *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("The defendant did not object to that portion of the PSI report which addressed his psychiatric evaluation, and the sentencing court was free to consider it."). We conclude the district court did not impermissibly consider unadmitted or unproven time frames in imposing sentence.

### III. Consideration of Juvenile Offender Status

Cutshall contends "the district court abused its sentencing discretion or, alternatively, . . . violated constitutional prohibitions on cruel and unusual punishment when it failed to consider [his] status as a juvenile offender and failed to make the findings required by the *Miller, Null, and Lyle* line of cases."[2] He acknowledges his "sentence . . . did not involve any mandatory minimum term of incarceration." The Iowa Supreme Court recently "decline[d] to extend the requirement of a *Miller* individualized sentencing hearing to juvenile defendants who are not subject to a mandatory minimum period of incarceration." *State v. Propps*, ___ N.W.2d ___, ___, 2017 WL 2291380, at *9 (Iowa 2017). *Propps* is dispositive.

We affirm all portions of Cutshall's sentence except the portion prohibiting access to the internet as a condition of probation. We vacate that portion of the sentence and remand for the district court to strike this condition of probation.

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

---

[2] *See generally Miller v. Alabama*, 132 S. Ct. 2455 (2012); *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014); *State v. Null*, 836 N.W.2d 41 (Iowa 2013).