# IN THE COURT OF APPEALS OF IOWA

No. 16-1117
Filed April 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID PATRICK BREWER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.

A defendant appeals his conviction for operating while intoxicated.
**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

David Patrick Brewer appeals his conviction for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2015). Brewer claims the district court abused its discretion in imposing its sentence and should have granted his motion to suppress. He also claims the evidence was insufficient to convict him of operating while intoxicated. We find the district court considered an unproven or uncharged offense during sentencing. We also find the district properly denied Brewer's motion to suppress and there was sufficient evidence to convict Brewer. We affirm Brewer's conviction, vacate Brewer's sentence, and remand for resentencing before a different judge.

## I. Background Facts and Proceedings

In December 2015, Brewer was driving west on interstate 80. Brewer's vehicle struck the concrete barrier in the median of the interstate. The vehicle then veered through three lanes of west-bound traffic, drove into the ditch dividing the highway and on-ramp, jumped over the on-ramp, continued to drive through the ditch area of the on-ramp, across the north-bound lanes of 14th Street, struck a car on the south-bound lanes of 14th Street, and pushed both vehicles into the ditch. The driver of the other vehicle suffered serious injuries.

Brewer was transported to the hospital. An Iowa State Patrol trooper arrived and noted Brewer's eyes were bloodshot and watery, he had dilated pupils, and his heart rate was elevated. Brewer admitted to the trooper he had been drinking alcohol the previous night and had smoked marijuana approximately four days before the accident. Brewer answered many of the trooper's questions but was unable to recall the accident. While being questioned, Brewer had a seizure. The

trooper requested a doctor sign a certification indicating Brewer was unable to consent or refuse to provide a sample of bodily fluids, which was granted. The trooper acquired a sample of urine, which tested positive for marijuana metabolites.

Brewer was charged with operating while intoxicated. He filed a motion to suppress, claiming the urine test should be excluded from evidence as there were no reasonable grounds to believe he was operating while intoxicated. The motion was denied. Brewer agreed to a trial on the minutes of evidence. Brewer was found guilty on June 9, 2016. Brewer was sentenced to 365 days imprisonment, and would be eligible for an electronic monitoring program after serving ninety days. Brewer now appeals.

## II. Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

Brewer challenges only the sufficiency of the evidence to invoke implied consent and does not challenge the seizure's constitutional sufficiency. Therefore, we review the district court's ruling on the motion to suppress for the correction of errors at law. *See State v. Beckett*, 532 N.W.2d 751, 753 (Iowa 1995).

Claims that evidence is insufficient are reviewed for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We consider the entirety

of the record in the light most favorable to the State, and the verdict will be upheld if it is supported by substantial evidence. *See id.* "Evidence that could convince a trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt is substantial evidence." *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996).

## III. Sentencing

Brewer first claims the district court abused its discretion by considering an uncharged, unproven offense, and by sentencing him to 365 days in jail, with eligibility for electronic monitoring after serving ninety days. Brewer claims he should have been given a more lenient sentence because it was his first OWI, he did not have a significant criminal history, and had been employed full time.

The district court stated

> The question is, what is reasonable in terms of the sentencing? We all know that it could have been a vehicular homicide, a felony Class "C" perhaps even, but the victim lived, I guess. . . . I'm hesitant anytime to throw someone in jail for 365 days. You're not going to be learning a whole bunch. Of course, you should be punished for the crime.

Brewer claims this statement amounts to the consideration of an uncharged or unproven offense. If the district court considers such unproven conduct, "[w]e will set aside a sentence and remand a case to the district court for resentencing." *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982).

The other driver suffered serious injuries but survived the collision. Vehicular homicide was not charged or prosecuted nor do the minutes of evidence support a finding of vehicular homicide. The district court's statements imply it considered a more serious offense resulting in a stiffer sentence.

We find the district court considered an unproven or uncharged offense and remand the case for resentencing before a different judge. *Id.*

We also find the district court took into account permissible considerations to arrive at a sentence within the statutory limits. The district court's sentence was reasoned and based on valid considerations. We find no abuse of discretion. *See Seats*, 865 N.W.2d at 552.

## IV. Motion to Suppress

Brewer next claims his motion to suppress the results of the urine test should have been granted because the trooper did not have sufficient evidence of intoxication to invoke implied consent, as the trooper did not smell alcohol or marijuana. Brewer admitted to drinking alcohol and smoking marijuana but at times far removed from the accident. The trooper was unable to ask Brewer to perform field sobriety tests and could not administer the horizontal gaze test due to Brewer's injuries. Breath tests did not indicate any alcohol in Brewer's system.

The trooper did not believe alcohol was involved in the accident but wanted to collect a urine sample for analysis. Brewer suffered a seizure at the hospital, and the doctor marked a box on the implied consent form indicating Brewer was incapable of giving consent. The urine sample contained marijuana metabolites.

Under the statute, there are multiple justifications for invoking implied consent. An officer may invoke implied consent if there is a reasonable ground to believe the person operated a motor vehicle while under the influence of drugs or alcohol and "[t]he person has been involved in a motor vehicle accident or collision resulting in personal injury or death." Iowa Code § 321J.6(1)(b). It is undisputed the accident resulted in injuries to both Brewer and the other driver.

An officer has reasonable grounds to suspect a driver is under the influence of drugs or alcohol when "the facts and circumstances known to the officer at the time the action was required would have warranted a prudent person's belief than an offense has been committed." *State v. Braun*, 495 N.W.2d 735, 739 (Iowa 1993). In the course of the accident Brewer hit a concrete barrier, drove across three lanes of highway traffic, jumped over the on-ramp to the highway, continued through the ditch, drove across two more lanes of traffic, and hit another vehicle. The trooper observed Brewer had "droopy eyelids; bloodshot, watery eyes." Brewer also admitted he drank alcohol the night before and had used marijuana a few days before the accident.

Brewer claims the trooper relied solely on the occurrence of an accident to justify implied consent. An accident alone is not sufficient justification. *See State v. Christianson*, 627 N.W.2d 910, 911 (Iowa 2001). However, the extreme nature of the accident, admission of drug use, and physical indications of impairment taken together create reasonable grounds to suspect the influence of drugs or alcohol. We find the district court properly denied Brewer's motion.

## V. Sufficiency of the Evidence

Brewer finally claims the evidence was insufficient to convict him of OWI. The district court convicted Brewer under two legal alternatives. First, the district court found Brewer had any amount of a controlled substance in his urine, and second, Brewer was under the influence of a drug. *See* Iowa Code § 321J.2(1)(c). Brewer claims there was no proof the marijuana metabolites in his urine were not from medication he received at the hospital. Brewer also claims there was

insufficient proof he was under the influence of a drug as the district court only relied on the nature of the accident and his bloodshot, watery eyes.

Brewer claims the nature of the accident combined with bloodshot, watery eyes is insufficient evidence to prove he was under the influence of a drug. However, the trooper who responded to the scene noted Brewer's pupils were both dilated. He testified this was consistent with marijuana use, as head trauma will cause only one pupil to be dilated. The trooper also testified Brewer's heart rate was elevated, also consistent with marijuana use. Finally, Brewer admitted to regularly smoking marijuana. Combined with the serious nature of the accident, the multiple indications of marijuana use, and Brewer's admission to regular use, we find the evidence was sufficient to convict Brewer under Iowa Code section 321J.2(1)(a).

Brewer claims the marijuana metabolites present in his urine were from the medication given to him at the hospital. However, Brewer stipulated to trial on the minutes of evidence and did not present any evidence regarding the effect of medication. There is no evidence in the minutes, nor from the hearing on the motion to suppress, regarding metabolites caused by anything but marijuana. The record shows Brewer admitted to smoking marijuana four days before the accident and also shows marijuana metabolites present in Brewer's urine after the accident. We find there is sufficient evidence to convict Brewer under Iowa Code section 321J.2(1)(c).

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**