# IN THE COURT OF APPEALS OF IOWA

No. 20-0549
Filed December 16, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DAVID LEE GRIFFIN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson
(plea) and John D. Telleen (sentencing), Judges.

David Griffin appeals the district court's sentencing order. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

David Lee Griffin pled guilty to possession of a controlled substance (methamphetamine), third offense, and the simple misdemeanor crime of assault. The district court sentenced him to a prison term not exceeding five years on the possession count and a jail term of thirty days on the assault count, with credit for time served. The court ordered the sentences to be served concurrently.

On appeal, Griffin contends the district court "impermissibly considered unproven facts" and abused its discretion in "imposing and not suspending [his] sentence of incarceration." The State raises several procedural hurdles to consideration of the appeal.

Those hurdles are surmountable. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."); *cf. State v. Cooley*, 587 N.W.2d 752, 754 n.2 (Iowa 1998) ("Because the simple misdemeanor conviction was consolidated with the [operating while intoxicated] conviction for purposes of sentencing, and the possibility of consecutive sentencing is central to the appellate issue presented, discretionary review by this court is appropriate.").[1] We proceed to the merits.

---

[1] In addition to other procedural arguments, the State asserts the sentence on the assault count was served, rendering any challenge to that sentence moot. Griffin concedes he served the jail sentence on his assault charge. He explains he is not seeking discretionary review of that sentence but is simply contending the court considered unproven facts relating to the assault charge in imposing sentence on the possession count.

In imposing sentence, the district court referred to facts underlying the assault count. The court stated:

> [W]hile I agree that most of your crimes have not been of a violent nature, one of the matters that brings us here in court is your assault of your mother. The way I understand it from the Minutes of Testimony is, while she was in bed, you were threatening her with a large stick, threatening to kill her, so I do think you are a danger to the community and at high risk to reoffend, and in the interest of deterrence, both general and specific, and protection of the community, I think incarceration is appropriate.

Griffin asserts he "never admitted that he threatened his mother with a large stick or threatened to kill her." He characterizes these references as "unproven facts."

"We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (quoting *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982)). The assault charge was not an unprosecuted offense. Griffin agreed he committed an assault and pled guilty to the offense.

We recognize the facts to which the court referred did not appear in Griffin's hand-written plea. But they did appear in the minutes of testimony, which were expressly incorporated into the plea for purposes of establishing a factual basis. *See Black*, 324 N.W.2d at 316 ("We have approved using the minutes to establish a factual basis for the charge to which the defendant pleads guilty."). Unproven facts were not considered.

We turn to Griffin's contention that the court abused its discretion in imposing a prison term. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (setting forth standard of review). The court reviewed Griffin's criminal history as

set forth in the presentence investigation report and surmised that "there [was] just absolutely no indication that [he was] yet serious about getting off drugs and having a life of sobriety." The court noted "lesser restrictive alternatives and drug treatment" had already been tried, without success. We discern no abuse of discretion in the court's imposition of a prison term in lieu of suspending the sentence.

**AFFIRMED.**