# IN THE COURT OF APPEALS OF IOWA

No. 21-0921
Filed May 11, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLAYTON SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A criminal defendant appeals his sentences. **AFFIRMED.**

Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by May, P.J., Chicchelly, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

Clayton Smith appeals his sentences, asserting the district court abused its discretion by considering "uncharged allegations" and "uncharged and unproven conduct."[1]  Because the court did not consider unproven allegations or offenses, we find no abuse of discretion and affirm.

Smith pleaded guilty to domestic abuse assault while using or displaying a dangerous weapon, in violation of Iowa Code sections 708.1, 708.2A(1), and 708.2A(2) (2020), and harassment in the first degree, in violation of Iowa Code section 708.7(1)(b) and 708.7(2).  The court sentenced him to indeterminate terms of two years incarceration for each count, to be served concurrently.  Under the plea agreement, the State dismissed count I of the trial information, going armed with intent, in violation of Iowa Code sections 702.7 and 708.8.  Smith filed a written guilty plea and waived a hearing.  The court accepted the guilty plea.

At sentencing, the court heard the following from the victim impact statement:

> Clayton came home drunk and attempted to hit me with his truck, he tried to pin me between my car and his trailer.  I ran up the stairs to the deck and he sprinted after me.  He tried to throw me down the steps, and I hit the railing and furniture on the deck.  I got inside and started recording on my phone, he blocked me from getting into the bedroom, I asked him to move and leave the house, and [he] threw a dog gate at me.  I got into the bedroom and asked him to leave again and told him I didn't need him, he went to the closet and got his gun, cocked it, and threatened me and my family if they showed up on the property.  I told him they owned the property so they would be here at some point, he held the gun to my head and then to my chest, I didn't reply.  He told me if I didn't shut up he would put 40 rounds in my head.  I walked to the living room to try to

---

[1] We find Smith has good cause to appeal.  Iowa Code § 814.6 (2019); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding sentencing error is a "legally sufficient" ground for appeal notwithstanding a guilty plea).

de-escalate the situation, and he never came out and fell asleep at some point.

As a result of the incident I sustained bruising up my arm from being thrown into the deck railing and furniture. While I did have some injury physically, the psychological[] impact of this incident has been the most difficult to overcome. I have trouble sleeping, anxiety, depression, PTSD, flashbacks of the incident, and panic attacks. The psychological impact has been and can be debilitating, making it hard for me to focus on my business and ability to earn a living.

Since the incident, I question whether every person who pulls into my driveway is Clayton. I got a security system for some reassurance. I am constantly fearful and wonder if he will show back up. I am afraid to go to sleep at night and scared to be home alone or leave the house at night. I feel violated and it has made me question people and their intentions. I question my trust for people and my relationships. I have become so much more aware of possible danger. For my family, this has provoked a lot of anger, the fear of something happening to me, boundaries being violated.

There is no sentence that is fair enough or that will take away the amount fear, pain, anxiety, and exhaustion I am still experiencing 10 months later.

The court also heard testimony from Smith's father, his cousin, and his employee.

They testified to his present sobriety and their intent to be a support system to

Smith. The court imposed its sentences and gave this explanation:

Well, the court has before it today a young man who is approximately twenty-two years of age. He has pled guilty to two serious crimes: domestic abuse assault while using or displaying a dangerous weapon and harassment in the first degree. The facts and circumstances of this case, of course, are extremely aggravating. They are laid out in the victim impact statement that has been delivered here to the court. And frankly, in hearing and reading the victim impact statement, the court found it nothing short of chilling commentary on what occurred on this date.

The victim in this case suffered significant harm. She continues to be in fear. She has described long-term psychological impact as a result of these actions.

On the other hand, Mr. Smith, is a young individual. He has apparently started his own business. He's gainfully employed. Alcohol clearly played a role in this incident and apparently in prior inciden[ts] as well. And today, Mr. Smith and witnesses who have testified on his behalf have told the court that Mr. Smith is sober at this time. And if that is the case, and if that is Mr. Smith's plan going

forward, then he is certainly to be commended for taking that action and changing his life in that way.

Of course, that does not change what happened on this occasion, it doesn't change what the victim experienced in this case and continues to experience. Mr. Smith does have, as I mentioned, gainful employment. He clearly has a support system in place.

The court discussed many other factors properly considered at sentencing including services that were available on probation versus those available in prison. Then the court stated,

[F]rankly, in light of the nature of this offense, the circumstances under which it was committed, I just don't know with definite certainty that if the court were to suspend the sentence and place Mr. Smith on probation, that the community would be entirely safe, given the particulars of each of these crimes, the threats that were made, and the circumstances under which these offenses were committed.

We review a sentence imposed in a criminal case for errors at law. *State v. Lacey*, 968 N.W.2d 792, 809 (Iowa 2021). The criminal defendant bears the burden to prove a sentencing error. *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). When the court imposes a sentence within the statutory limits, that decision is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We reverse only for an abuse of discretion or a defect in the sentencing procedure. *Lacey*, 968 N.W.2d at 809.

When the district court relies on an improper factor or considerations in crafting the sentence, resentencing is required. *See State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021). Among those improper factors are "charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982).

Still, courts are required to hear victim impact statements. *See* Iowa Code § 915.21. "[T]his may at times result in the airing of allegations which are

unproven." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). We also presume that our district courts "will filter out improper or irrelevant evidence." *Id.* We will not find improper consideration unless the defendant presents "clear evidence to the contrary." *Id.*

Smith contends the district court considered uncharged or unproven conduct in the victim impact statement. Upon our review of this record, the victim impact statement did not set forth any information concerning uncharged or unproven offenses. The statement set out the victim's memory of what occurred to her when Smith committed the crimes to which he pled guilty, and how it impacted her not only physically, but psychologically. This is permitted by Iowa Code section 915.21(2).[2] The sentence imposed was within that authorized by statute, and the court did not abuse its discretion.

**AFFIRMED.**

---

[2] Section 915.21(2) provides:

A victim impact statement shall include the identification of the victim of the offense, and may include the following:

a. Itemization of any economic loss suffered by the victim as a result of the offense. For purposes of this paragraph, a pecuniary damages statement prepared by a county attorney pursuant to section 910.3 may serve as the itemization of economic loss.

b. Identification of any physical injury suffered by the victim as a result of the offense the detail as to its seriousness and permanence.

c. Description of any change in the victim's personal welfare or familial relationships as a result of the offense.

d. Description of any request for psychological services initiated by the victim or the victim's family as a result of the offense.

e. Any other information related to the impact of the offense upon the victim.