# IN THE COURT OF APPEALS OF IOWA

No. 22-0024
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PETER WILLIAM TRIERVIELER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

Peter Triervieler appeals from his sentences following his guilty pleas to child endangerment, domestic abuse assault, and operating while intoxicated. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Judge.**

Pursuant to a plea agreement resolving three cases, Peter Triervieler pleaded guilty to: (1) child endangerment resulting in bodily injury, a class "D" felony, in violation of Iowa Code section 726.6(6) (2018); (2) domestic abuse assault by impeding normal breathing, a class "D" felony, in violation of Iowa Code section 708.2A(5) (2020); and (3) operating while intoxicated (OWI), a serious misdemeanor, in violation of Iowa Code section 321J.2(1), (2)(a) (2021). The court sentenced him to indeterminate prison terms not to exceed five years on both the child-endangerment and domestic-abuse-assault charges and sentenced him to 365 days of incarceration on the OWI charge. The two five-year sentences were ordered to be served consecutively to each other but concurrent to the sentence on the OWI, resulting in an indeterminate prison term not to exceed ten years.

Triervieler appeals. He contends the court abused its discretion by (1) mistakenly believing one or both of the felony charges were forcible felonies for which the sentences could not be suspended and (2) relying on unproven allegations when imposing consecutive sentences.

We have jurisdiction to hear this appeal despite the fact that Triervieler pleaded guilty because he has established good cause by challenging his sentences and not the guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (foreclosing the right to appeal following a guilty plea except for appeals from a class "A" felony or "in a case where the defendant established good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). Our review of criminal sentencing is for correction of errors

at law. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). We only vacate a sentence if there is an abuse of discretion or a defect in the sentencing procedure. *Id.*

We begin by addressing Triervieler's claim that the district court mistakenly believed one or both of the felony charges were forcible felonies. This is important because, if a charge is a forcible felony, the court has no discretion to suspend the prison sentence. *See* Iowa Code § 907.3 (providing for deferred judgments, deferred sentences, and suspended sentences, but making them inapplicable to forcible felonies). If the sentencing court believes it has no discretion to suspend a sentence when, in fact, it does, the court cannot be said to have exercised its discretion, so the sentence must be vacated and remanded for resentencing. *See State v. Davison*, 973 N.W.2d 276, 289 (Iowa 2022) ("But when the sentencing court fails to exercise discretion because it 'was unaware that it had discretion,' we typically vacate and remand for resentencing." (quoting *State v. Moore*, 936 N.W.2d 436, 440 (Iowa 2019))). The rule requiring vacation of the sentence and remand applies to a mistaken belief that a charge is a forcible felony. *Davison*, 973 N.W.2d at 289.

There is no dispute that the two felony charges here were not forcible felonies. *See* Iowa Code § 702.11(2)(e) (excluding child endangerment in violation of section 726.6(6) from the category of a forcible felony), (g) (excluding domestic abuse assault in violation of section 708.2A(5) from the category of a forcible felony). So we must decide whether the court mistakenly believed one or both of the charges were forcible felonies—or for some other reason mistakenly believed suspended sentences were not an option.

Piecing the record together suggests the court made this mistake. The same judge presided at both the plea and sentencing hearings. During the plea hearing, the court asked Triervieler, "You understand that this is not subject to a suspension, this is actual prison time?" After Triervieler indicated he was aware of that, the court continued, "So you understand that after sentencing occurs, the court will be ordering that the sheriff transport you to the Iowa Medical and Classification Center and there deliver you for purposes of serving this term?" Then, at the sentencing hearing, after imposing the sentences, the court, in discussing bail on appeal, stated the belief that "this is a forcible felony."

The two questions at the plea hearing coupled with the statement made at the sentencing hearing convinces us that the court mistakenly believed it had no discretion to suspend the felony sentences. The State argues that, since the statement at the sentencing hearing expressing a belief that one or both of the felony charges were forcible felonies was made after the sentence had already been imposed, it is of lessened importance because the sentencing decision had already been made. We are not persuaded by this argument for the same reasons the supreme court rejected a similar argument in *Davison*. Facing essentially the same argument in *Davison*, the supreme court observed:

> Here the State tries to thread a needle. It acknowledges that the district court may have misunderstood whether the [felony charge at issue] was a forcible felony when bond on appeal was discussed, yet claims that the district court didn't misunderstand the situation several minutes earlier when it sentenced [the defendant] to prison.

973 N.W.2d at 289. The court rejected the attempt to thread the needle and noted "prudence dictates that we should vacate [the defendant]'s prison sentence and remand for resentencing." *Id.*

Like the supreme court in *Davison*, we are not persuaded that the district court incorrectly believed that suspended sentences were not an option during the plea hearing and at the end of the sentencing hearing yet correctly believed it had the option of suspended sentences in between those two events when the sentencing decision was made. Also like the supreme court in *Davison*, we believe prudence dictates that we should vacate Triervieler's sentences and remand for resentencing. *See id.* Such resentencing shall be before a different judge. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (providing that resentencing on remand be before a different judge "to protect the integrity of our judicial system from the appearance of impropriety").

Having decided resentencing is required based on the first issue and that resentencing shall take place before a different judge, we need not address the issue of whether the court considered improper factors. That said, it appears that the court did consider improper factors by referencing unproven allegations which were not admitted by Triervieler or otherwise established. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982) ("The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true."). We trust that the judge resentencing Triervieler on remand will consider only proper factors.

We vacate the sentences imposed and remand for resentencing before a different judge.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**