# IN THE COURT OF APPEALS OF IOWA

No. 22-1045
Filed June 7, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RICK JASON REIFENRATH,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

Rick Reifenrath appeals the district court's denial of his request for a deferred judgment. **AFFIRMED.**

Debra S. De Jong, Orange City, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Jason Reifenrath with three counts of the aggravated misdemeanor crime of child endangerment for his claimed failure to provide each of his three children "adequate food, and fail[ure] to maintain a safe living environment." *See* Iowa Code §§ 726.6(1)(a), (8) (Supp. 2021).[1]  Reifenrath pled guilty to a single count.  The plea document did not identify the count or child.  To establish a factual basis, Reifenrath attested that he was a parent or guardian "of a minor child and [he] failed to provide necessary shelter[,] which created a substantial risk of harm [to his] minor child's mental, emotional or physical health."

The district court accepted the plea.  The court denied Reifenrath's request for a deferred judgment and instead imposed and suspended a 365-day jail term.  Reifenrath was placed on probation for one year.

On appeal, Reifenrath contends the district court (1) improperly considered unproven or uncharged facts, and (2) failed to consider all the sentencing factors in denying his request for a deferred judgment.

## I.     *Unproven Offenses*

"A sentencing court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."   *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998).  Minutes of testimony may "establish

---

[1] The trial information alleged the conduct for each count to have occurred between July 2018 and November 2021.  While section 726.6 was amended in that timeframe—effective July 1, 2021—the relevant subsections were not affected.  *See* 2021 Iowa Acts ch. 78, § 2.  In any event, the factual basis provided in Reifenrath's written guilty plea disclosed the crime was committed in November 2021.

a factual basis for the charge to which the defendant pleads guilty." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). "However, where portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved," so there is "no basis to allow the sentencing court to consider and rely on these portions." *Id.*

Reifenrath argues, "[T]he portions of the minutes that were not necessary to establish the factual basis for the plea should not have been relied upon by the sentencing court." The State responds that Reifenrath agreed the court could consider the minutes and, accordingly, he cannot complain about their use. But Reifenrath's agreement was limited to the court's consideration of "whether there [was] a factual basis for *this* [p]lea of [g]uilty." (Emphasis added.) Reifenrath has not waived his contention that the court was foreclosed from considering anything in the minutes beyond references to the condition of the home. That said, Reifenrath fails to point to any unproven conduct referenced in the minutes on which the district court relied. *See State v. McCombs*, No. 21-1964, 2023 WL 2673260, at *1 (Iowa Ct. App. Mar. 29, 2023) (stating the defendant did "not point to any statements made by the court that he believe[d] establishe[d] that the court relied on unproven facts or allegations from the minutes in imposing sentence").

Reifenrath's primary focus is on eight exhibits—not attached to the minutes—that were offered by the State and were admitted at the sentencing hearing over his objections. He asserts, "[I]t is clear in reviewing the [e]xhibits that there are facts included that are not necessary to establish the factual basis for the plea and therefore were denied . . . and were unproved and should not have been

relied upon to any degree." We agree the exhibits cover much more than the children's shelter—the only fact underlying the guilty plea. But again, the district court did not reference any unproven conduct encompassed in the documents beyond stating, "I've reviewed the exhibits." That reference was insufficient to establish "an affirmative reliance by the trial court on an unproven offense." *See State v. Clark*, No. 05-1801, 2006 WL 1279280, at *3 (Iowa Ct. App. May 10, 2006); *see also State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) ("The fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that his discretion was properly exercised." (quoting *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990))).

Reifenrath also contends the district court considered the two dismissed child endangerment charges. We disagree. *See Clark*, 2006 WL 1279280, at *1–2 (distinguishing opinions in which the court "gave some weight" to the unproven offenses in imposing sentence). The court simply asked Reifenrath's attorney to clarify that he was "originally charged with three counts, and he's pleading to one count." Counsel stated that was "[c]orrect." The court's question did not establish reliance on the dismissed charges in imposing sentence.

Finally, Reifenrath asserts the court "brought up the fact that [he] had an ongoing [child-in-need-of-assistance] case." The record supports his assertion. But that case did not implicate a criminal "offense." And, even if it did, the judge mentioned the case to clarify that he "was not presiding over it, although he may have signed a removal order."

We conclude the district court did not consider unproven charges in sentencing Reifenrath.

## II.    *Consideration of Sentencing Factors*

Reifenrath argues the district court failed to consider all of the statutory sentencing factors in deciding whether to grant his request for a deferred judgment. *See* Iowa Code §§ 901.5, 907.5(1).  He acknowledges the court made a "general reference to rehabilitation and deterrence," but argues the court emphasized "the seriousness of the offense."

"Even a 'terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court.'"  *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 648 (Iowa 2019) (quoting *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015)).  The reasons are obvious here.  The court expressed sympathy for Reifenrath but found the seriousness of the offense outweighed the mitigating circumstances cited by him.  We discern no abuse of discretion in the court's stated reasons for declining Reifenrath's request for a deferred judgment.

**AFFIRMED.**