# IN THE COURT OF APPEALS OF IOWA

No. 20-1111
Filed April 14, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CALEB LEE BIRCH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Caleb Birch challenges his sentence for the crime of possession with intent to deliver marijuana. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

After pleading guilty to possession with intent to deliver marijuana, a class "D" felony,[1] Caleb Birch requested a deferred judgment at his sentencing hearing. The district court rejected his request and adjudicated Birch guilty of the crime, imposed a prison sentence, suspended the prison sentence, and placed Birch on probation. Birch appeals, claiming the district court abused its discretion by improperly considering unproven and unadmitted offenses.

Before getting to the details of Birch's claim, we will first address the legal standards governing our review. Birch makes no claim the sentence imposed fell outside the statutory limits for the offense, so we presume the sentence is valid and will only overturn the sentence for an abuse of discretion or reliance on inappropriate factors. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). Birch claims the district court improperly considered inappropriate factors and thus abused its discretion. It is Birch's burden to prove the claimed abuse of discretion, and it is a heavy burden, as the sentence imposed is cloaked with a strong presumption in its favor. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). However, if Birch meets his burden of showing the district court relied upon offenses that were neither admitted by Birch nor otherwise proved, then we will set aside the sentence and remand for resentencing. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).

Birch tries to meet his burden by pointing to the following statements by the district court at sentencing:

---

[1] *See* Iowa Code § 124.401(1)(d) (2018).

> I have looked at the record of the case. I've looked at the [presentence investigation report] in particular. I do note, as defense counsel points out, that Mr. Birch is young, that he doesn't have a criminal record, and, frankly, if this were a garden variety delivery case, I don't think I would have any problem at all with a deferred judgment.
>
> But in reviewing the facts of the case, this is not what I would call a garden variety delivery case where somebody received a bag of marijuana and handed it or sold it to somebody else. This involved very, very significant quantities. It involved marijuana coming from different states. A fairly sophisticated operation of which Mr. Birch was a part, and it also involved delivery to high school students.
>
> I think with all of those factors, while I'm taking Mr. Birch at his word, defense counsel's word, that he may be changing and moving in the right direction, and that's terrific. That's great. I hope he continues to do so. However, this was more than just a single, you know, youthful mistake on a bad night or a bad day. This was something that happened over time and had to be planned out. And as such, I'm just not prepared to go along with a deferred judgment in the case.

Birch claims the court's reference to importing marijuana from out of state pursuant to a sophisticated operation and delivering to high school students were unproven and unadmitted offenses.

We reject Birch's claim for two reasons. First, the referenced details were part of the crime to which Birch pleaded guilty, not other offenses. Birch was charged with and pleaded guilty to a violation of Iowa Code section 124.401(1), which reads in pertinent part as follows:

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, . . . *or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance.*

(Emphasis added.) Not only does the statute reference acting with, entering a common scheme with, or conspiring with another, the trial information charged both the act itself and the alternative of acting with, entering a common scheme

with, or conspiring with another. As a result, the "sophisticated operation" involving delivery to high school students was part of the crime with which Birch was charged and to which he pleaded guilty. The details noted by the district court were part of the "attending circumstances" of the offense, so were properly considered by the district court. *See State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002) (listing "the attending circumstances" as one of the factors to consider in sentencing).

The second reason we reject Birch's claim is that, even if we assumed the district court's reference to importing marijuana from out of state pursuant to a sophisticated operation and delivering to high school students involved other offenses, the record establishes Birch admitted those facts. During the plea hearing, the following exchange took place:

> COURT: There were minutes of [evidence] that were filed in this case. The minutes of [evidence] listed the witnesses who would testify against you if the case were to go to trial and also contained a summary of what the State believes that those witnesses would say under oath. Did you review the minutes of [evidence] at some point? BIRCH: Yeah.
> COURT: If those witnesses came to court and testified to the things that are set forth in the minutes, would they be telling the truth? BIRCH: Yes.

The minutes of evidence asserted that a confidential informant (CI) would testify that the Subject[2] is one of the main suppliers of marijuana in Dubuque. The CI would also testify the Subject was selling marijuana and THC oil cartridges to a large number of people in Dubuque, including persons who were in high school, some of whom were under the age of eighteen. According to the CI, the Subject was receiving pounds of marijuana through the United States Postal Service

---

[2] The subject's name is stated in full in the minutes of evidence, but we will use "the Subject" in an effort to maintain confidentiality.

(USPS) on a weekly basis from the states of California and Washington and was having the packages shipped to different addresses in the Dubuque area, sometimes using fictitious names, to avoid detection. Investigators identified Birch as the Subject's "close associate" in the marijuana delivery scheme. A tracking device on the Subject's vehicle showed the Subject frequently traveled to Birch's residence. On the date of the offense with which Birch was charged, the Subject's vehicle was observed in the parking lot of a store that housed a USPS branch. Birch was observed exiting the passenger side of the Subject's vehicle carrying a large USPS envelope and entering the store. A short time later, Birch exited the store and got back into the Subject's vehicle, and the vehicle left. A law enforcement officer who observed this behavior entered the store and spoke to the USPS employee about the customer who had just left (i.e., Birch). The employee explained that Birch had been in and purchased an envelope, left the store, and then returned with the envelope sealed and paid cash to send it by priority mail to Vancouver, Washington. The name disclosed on the envelope as the sender was a false name. The envelope was seized and then opened by a postal inspector. The envelope contained a heat-sealed package of baby wipes. Inside the baby wipes package was a stack of United States currency in the approximate amount of $6000.00. A search warrant was executed on the Subject's residence. The Subject, the Subject's paramour, and Birch were found in the residence along with over fourteen pounds of marijuana, over $17,000.00 in United States currency (including $4500.00 in a baby wipes container placed in a USPS box), and a loaded semi-automatic rifle.

A sentencing judge is permitted to consider facts in the minutes of evidence "that are admitted to or otherwise established as true." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). Based on the above-quoted admission during Birch's plea hearing, we find Birch admitted the allegations in the minutes. Therefore, the district court did not err in considering the information in the minutes as having been established.

Furthermore, essentially the same information contained in the minutes was repeated in the presentence investigation report (PSI). At the sentencing hearing, Birch did not challenge any part of the PSI after being given the opportunity to do so. Therefore, the district court was free to consider that information and doing so was not improper. *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) ("In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant.").

Birch has not met his burden to establish the district court considered improper factors in sentencing him, which is the only challenge lodged on appeal. Therefore, we find no abuse of discretion and affirm the district court's sentencing decision.

**AFFIRMED.**